UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARA TIPPINS,

    Plaintiff,

v.                                            Case No. 8:04-CV-616-T-27MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

      This action is before the Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act. Plaintiff seeks judicial review of the determination of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") payments.[1] The Commissioner's decision became the final decision after the Administrative Law Judge ("ALJ") found the Plaintiff not disabled within the meaning of the Social Security Act and the Appeals Council denied Plaintiff's request for review. Plaintiff contends that the decision of the Appeals Council and the ALJ should be reversed and remanded because (1) the ALJ did not consider the new and material evidence submitted to the Appeals Council; (2) the ALJ utilized an incorrect legal standard; (3) the ALJ failed to give proper weight to the opinion of the treating physician;(4) the ALJ improperly applied the Eleventh Circuit pain standard; (5) evidence did not support the ALJ's conclusion with regard to Plaintiff's RFC; (6) the ALJ failed to consider the mental demands of the

---

[1] This matter has been referred to me pursuant to Local Rule 6.01(C)(21).

Plaintiff's past work; (7) the ALJ failed to recognize impairments individually and in combination; and (8) the ALJ improperly substituted his judgment for that of the medical expert. Plaintiff has timely exhausted all administrative remedies available for her and accordingly, this case is now ripe for a judicial review. After carefully reviewing the record, I conclude the ALJ's findings of fact and decision are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed and the complaint dismissed.

*A. Background*

Plaintiff was 39 years old at the time of the administrative hearing. She has more than a high school education and past work experience as a construction laborer, injection mold technician, electronics plant technician and cashier. She claims that she became disabled on August 4, 1998, due to fibromyalgia, headaches and chronic pain in her arms, neck and legs. Plaintiff worked until November 1998. She claims that she became unable to work because of the side effects from numerous pain medications. Plaintiff filed an application for DIB and SSI on November 4, 1998. The application was denied initially and on reconsideration by the Commissioner. On September 6, 2001, the ALJ reviewed all the evidence of record and concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff requested the Appeals Council to review the ALJ's decision and submitted additional evidence in support. The additional evidence included a Notice of Award from the Social Security Administrator ("SSA") dated October 29, 2002, granting benefits from November 21, 2001, to the Plaintiff; a statement prepared by Dr. Michael Johnson, Associate Professor of Psychiatry at the University of Florida in June 23, 2002; a discharge summary from Vista Hospital where Plaintiff was hospitalized June 20-24, 2002; treatment records from Meridian Health Services, a

mental health facility, in February 2001; and a Mental Residual Functional Capacity Assessment prepared by Dr. Michael Johnson on September 28, 2002. On February 13, 2004, after reviewing the submitted evidence, the Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision became the final decision of the Commissioner of Social Security and Plaintiff filed this action.

  *B. Standard of Review*

  To be entitled to SSI or disability insurance benefits a claimant must be unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.: *See* 24 U.S.C. § 423(d)(1)(A). To qualify as a disability, the physical or mental impairment must be so severe that the claimant is unable to do his or her previous work and, in addition, cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *See* 24 U.S.C. § 423(d)(2)(A). A mental or physical impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

  The Social Security Administration promulgated a sequential evaluation process to determine whether the claimant is disabled. *See* 20 C.F.R. §§404.1520; 416.920. The Commissioner analyzes a claim in five steps and if the Commissioner finds disability or non-disability at any step, further inquiry is unnecessary. *See* 20 C.F.R. §404.1520(a)(4). The steps are: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment(s) (i.e. one that significantly limits the ability to perform work related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her age, education, and work experience.  20 C.F.R. § 404.1520.  The claimant is entitled to benefits only if she can bear the burden and show that she cannot perform the work suggested by the Commissioner.  *See Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f); 416.920(f).

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence.  *See* 42 U.S.C. § 405(g)*; Richardson v. Perales*, 402 U.S. 389 (1971).  "Substantial evidence is more than a mere scintilla but less than preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *See* 42 U.S.C. § 405(g); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(*citations omitted*).  The factual findings of the ALJ are deemed conclusive.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994).  Further, the Commissioner's failure to apply correct law, or to give the reviewing court sufficient reasoning for determining that she/he has conducted the proper legal analysis, mandates reversal.  *Id* at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987).

  *C. Discussion*

    *1. Whether new evidence submitted to Appeals Council warrants remand*

Plaintiff argues that the case should be remanded because of the failure to consider new

and material evidence submitted to the Appeals Council. Sentence six of 42 U.S.C. § 405(g) provides that a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new material evidence and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To remand under sentence six, the Plaintiff must establish that (1) the evidence is new and noncumulative, (2) the evidence is material such that it is relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for failure to submit the evidence at the administrative level. *See Cannon v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

Here the new evidence includes: (1) Notice of Award from SSA dated October 29, 2002, granting benefits from November 21, 2001 to the Plaintiff; (2) a statement prepared by Dr. Michael Johnson, Associate Professor of Psychiatry at the University of Florida in June 23, 2002; (3) a discharge summary from Vista Hospital where Plaintiff was hospitalized in June 20-24, 2002; (4) treatment records from Meridian Health Services, a mental health facility, in February 2001; and (5) a Mental Residual Functional Capacity ("RFC") Assessment prepared by Dr. Michael Johnson on September 28, 2002.

Plaintiff's argument is mainly centered around the medical report issued by Dr. Michael Johnson, Associate Professor of Psychiatry at the University of South Florida, and the Notice of Award issued by the SSA. These were submitted as new evidence to the Appeals Council and were not part of the record considered by the ALJ. The first piece of evidence is a report handwritten by Dr. Michael Johnson on June 23, 2002, when he treated and evaluated the

Plaintiff after she had been hospitalized for psychiatric treatment from June 20 to 24, 2002. In his report, Dr. Michael Johnson opined that Plaintiff's medical history suggests that "for the past five years she has been entirely unable to effectively maintain employment due to her mental illness." The second piece of evidence is a notice from the SSA on October 29, 2002, in which the Commissioner granted the Plaintiff's November 21, 2001, application for SSI payments.

The medical report and the Notice of Award are clearly new and non-cumulative evidence as they were not initially made part of the record in the administrative level. They also satisfy the "good cause" requirement as neither of the evidence existed at the time of the administrative proceedings. Plaintiff also must establish that the evidence is relevant and probative. In this regard, Plaintiff argues that Dr. Michael Johnson's report and the Notice of Award are material and there is a reasonable possibility they could change the administrative outcome. Plaintiff contends that, based on Dr. Michael Johnson's report, Plaintiff was disabled during the time period relevant to her November 1998 application for SSI and DIB.

However, Dr. Johnson did not observe the Plaintiff until June 2002, almost four years after her August 4, 1998, alleged disability onset date and one year after the ALJ issued his written decision denying benefits. Plaintiff has failed to establish that the new evidence is relevant to the time period in question. Both Dr. Johnson's report and the Notice of Award relate to a time period after the ALJ's decision. Dr. Johnson observed Plaintiff only twice, on June 22 and 23, and never during the time period relevant to her November 1998 application. Although Dr. Johnson's report may be relevant to Plaintiff's subsequent applications for SSI and DIB, it is not material to the ALJ's decision on her 1998 application and would not affect the administrative result here.

Plaintiff further claims that, based on the report issued by Dr. Johnson, she meets or equals the listing for disability. As stated above, Dr. Johnson's report is not material to the time period in question and would not reasonably change the administrative decision. Thus, because the evidence before the ALJ failed to support finding of disability under the Listing, I find the ALJ's decision is supported by substantial evidence.

### 2. Whether the ALJ utilized incorrect legal standard

Plaintiff argues the case should be remanded and reversed because the ALJ failed to utilize the correct legal standard regarding her fibromyalgia. Plaintiff argues the ALJ failed to consider the opinion of Dr. Lee, Plaintiff's treating physician, who on March 8, 1999, found her disabled due to fibromyalgia, and incorrectly required objective evidence to support Dr. Lee's opinion. Plaintiff relies on an unpublished Eleventh Circuit opinion, *Stewart v. Apfel*, 2000 U.S. App. LEXIS 33214, 245 F.3d 793 (11th Cir. 2000).[2] The court in *Stewart* stated that the ALJ cannot reject a treating physician's opinion without sufficient explanation and that in a case of fibromylagia, the treating physician's opinion is even more valuable because fibromyalgia lacks objective signs. *Id* at \*\*6-7. *Stewart*, however, is distinguishable from this case since the ALJ clearly considered Dr. Lee's diagnosis as well as diagnoses of other consulting doctors before finding Plaintiff able to perform a wide range of light work. The ALJ acknowledged that although Plaintiff has fibromyalgia, her treating doctor did not impose significant restrictions in her ability to perform basic work activities as required by the Social Security Ruling 96-3p. The ALJ considered the opinions rendered by Drs. Kapil, Greenberg, Lipnick and Nazario who each

---

[2] Unpublished opinions are not binding precedent in the court; however they may be cited as persuasive authority. *See* 11th Cir. R. 36-2. The *Stewart* case is addressed because Tippins specifically relied on it.

examined Plaintiff subsequent to her March 8, 1999, visit with Dr. Lee and found normal gait, strength, and ability to perform non-strenuous work-related activities. The ALJ stated that based on the reports of the examining physicians and Plaintiff's own testimony, her degree of physical limitation to perform daily activities was mild and she experienced no difficulty in maintaining concentration and task persistence. Therefore, substantial evidence in the record shows the ALJ utilized the correct legal standard regarding Plaintiff's fibromyalgia.

*3. Whether ALJ failed to give proper weight to opinion of treating physician*

Plaintiff argues that the ALJ failed to give proper weight to the opinion of Dr. Lee, her treating physician. She contends that the treating physician's opinion cannot be discounted unless good cause is shown and claims that the ALJ failed to show good cause for rejecting Dr. Lee's conclusion that she was disabled due to fibromyalgia.

An ALJ can give less weight to the opinion of a treating physician when that opinion is not supported by the evidence or the evidence supports a contrary finding. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). As required per *Lewis*, here the ALJ clearly articulated his reasons for discounting Dr. Lee's opinion that she was disabled when he stated that objective medical evidence does not support Dr. Lee's statement. The ALJ stated that medical evidence showed minimal degenerative changes in Plaintiff's spine, an intact nervous system, a functional gate, normal grip, good fine manipulation, and ability to occasionally climb, balance, kneel, stoop, crouch and crawl. The ALJ properly stated that although a treating physician's medical opinions are entitled to controlling weight when supported by objective medical evidence, a treating physician's statements that a claimant is disabled, or unable to work are not medical opinions but are administrative findings reserved to the ALJ, who is familiar with the

Regulations and prevailing legal standards. 20 CFR §§ 404.1527(d)(2) and 416.927(d)(2); SSR 96-5p. The ALJ properly evaluated contradicting evidence and his finding of non-disability is supported by substantial evidence.[3]

### 4. *Whether the ALJ improperly applied the Eleventh Circuit pain standard*

Plaintiff argues that the ALJ failed to properly apply the Eleventh Circuit pain standard to her complaints of pain and her mental impairments. The ALJ correctly defined the Eleventh Circuit pain standard that requires, (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *See Foote v. Chater*, 67 F.3d 1553, 1560-61 (11th Cir. 1995). Here, the ALJ first recognized the underlying medical condition and considered whether there existed any objective medical evidence to support the severity of the alleged pain or whether Plaintiff's underlying medical condition could cause the alleged pain.

The ALJ correctly noted that while the Plaintiff's impairments were reasonably expected to cause symptoms of pain, the medical evidence did not support the alleged severity of pain. The ALJ recognized that the Plaintiff underwent numerous medical tests and consultive evaluations which did not reveal a cause for her pain. Furthermore, the ALJ noted that the Plaintiff was able to cook and attend to household chores. Therefore, because conflicting evidence existed as to the severity of the Plaintiff's pain, the ALJ correctly utilized his authority

---

[3] Plaintiff's argument that the ALJ erred in not finding her disabled due to depression is meritless because she was relying on Dr. Johnson's report as evidence of her disabling depression. As discussed in section one, Dr. Johnson's report is not material as it does not pertain to the time period at issue and should not be considered.

to resolve the discrepancy. With regard to her mental impairments, Plaintiff relies on the report by Dr. Johnson which is immaterial since it does not pertain to the time period at issue in this application. Accordingly, I find the ALJ properly applied the pain standard.

### 5. *Whether substantial evidence supports the ALJ's finding of RFC*

Plaintiff claims that the record is devoid of support for the ALJ's finding that she has the RFC to perform light work. She relies on the opinion of Dr. Lee which states that she has fibromyalgia that prevents her from performing in any type of work. Plaintiff also relies on the opinion of Dr. Johnson to emphasize the same. As previously stated, the ALJ's decision to discredit Dr. Lee's opinion that Plaintiff is disabled from all work due to fibromyalgia is supported by substantial evidence. Likewise, as I discussed the Appeals Council's decision did not consider the report of Dr. Johnson since it did not pertain to the relevant time period. In reviewing the medical evidence, the ALJ found an intact nervous system, functional gait, normal grip, good fine manipulation, and minimal degenerative changes in spine. Considering Plaintiff's condition, the ALJ found she could return to work as a cashier as that job is generally performed and defined in the Dictionary of Occupational Titles, Revised 4th Ed. 1991. I find the ALJ's determination that Plaintiff retained sufficient RFC to perform the demands and duties of a cashier supported by substantial evidence.

### 6. *Whether the ALJ failed to consider the mental demands of Plaintiff's past work*

Plaintiff argues that the ALJ failed to make any assessments as to the mental demands of her prior job as a cashier. Plaintiff supports her argument by citing an unpublished opinion and the report by Dr. Johnson. Because I find the Appeals Council properly rejected Dr. Johnson's report, Plaintiff's argument lacks merit. In any event, here the ALJ clearly considered Plaintiff's

mental ability to work as a cashier and found her mental impairment limited to unskilled or semi-skilled work. Because a cashier's work is considered unskilled or semi-skilled work, the ALJ's conclusion is supported by substantial evidence.

       *7. Whether ALJ failed to recognize impairments individually and in combination*

Plaintiff claims that the ALJ failed to recognize her nonexertional pain and her stomach problem as separate impairments and failed to consider the impairments in combination. As Plaintiff noted, the ALJ must consider whether the nonexertional impairment is severe enough to preclude the claimant from performing light work. *Foote, supra* at 1559. The ALJ considered Plaintiff's pain, including the alleged severity, on several occasions, and analyzed her credibility. The ALJ also mentioned Plaintiff's stomach problems and noted that she was hospitalized in 2000 for treatment of lower abdominal pain and was subsequently released without significant pain.

Plaintiff also argues that the ALJ failed to analyze all of her impairments in combination. When both exertional and nonexertional impairments affect the claimant's ability to work, the ALJ is to consider whether they together preclude the claimant from working. *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987). Here, the ALJ discussed both the objective medical evidence as well as the Plaintiff's pain, fibromyalgia, and mental capability. The ALJ stated throughout his decision that he considered all the impairments, including pain, in combination and individually before he found Plaintiff non-disabled. Therefore, Plaintiff's argument is unsupported.

       *8. Whether ALJ improperly substituted his opinion for that of the medical experts*

Plaintiff's argument that the ALJ improperly substituted his opinion for Dr. Lee's

11

opinion is misplaced. While the ALJ agreed that Plaintiff experienced some pain, he relied on consulting Dr. Greenberg's opinion that she was able to return to work and the psychological consultive examinations which showed her memory was intact and her judgment and insight were good. Again, Plaintiff's reliance on the report by Dr. Johnson is improper as that report does not relate to the proper time period.

*D. Conclusion*

I find the ALJ's decision denying benefits is substantially supported by the record as a whole.

For the reasons stated, I hereby RECOMMEND:

1.     The Plaintiff's complaint be dismissed and judgment entered for the Defendant.

IT IS SO REPORTED at Tampa, Florida on August 4, 2005.

*[signature]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in this report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Cc:    Hon. James D. Whittemore
       Counsel of Record