UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARA TIPPINS,

    Plaintiff,

v.                                                                                          Case No: 8:04-CV-616-T-27MAP

JO ANNE B. BARNHART,
Commissioner of Social Security

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of Magistrate Judge Mark A. Pizzo recommending that the decision of the Defendant Commissioner be affirmed and that judgment be entered in favor of Defendant (Dkt. 12). Also before the Court are Plaintiff's objections (Dkt. 13) and Defendant's response (Dkt. 14). After careful consideration of the Report and Recommendation ("R&R"), the objections, and response, in conjunction with an independent examination of the administrative record, the Court is of the opinion that remand is appropriate.

Plaintiff filed an application for disability benefits on November 4, 1998 ("first application"). (R. 351). The ALJ found Plaintiff was not disabled and denied her application on September 6, 2001. (R. 14-33). Plaintiff appealed the ALJ's denial of benefits on November 2, 2001, and submitted additional evidence in support. (R. 9 and 402-428). The Appeals Council denied review on February 13, 2004. (R. 4-6). Thereafter, Plaintiff initiated this appeal. (Dkt. 1).

Plaintiff filed a second, separate application for disability benefits on November 21, 2001 ("second application"). (R. 402). On October 29, 2002, Plaintiff was awarded benefits on that

1

application beginning on November 21, 2001 and continuing.[1] (R. 402-411).

## Applicable Standard

The district court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C). A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and it comports with applicable legal standards. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the Court reviews the Commissioner's decision with deference to factual findings, no such deference is given to legal conclusions. *Keeton v. Department of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Id.*

## Discussion

Pursuant to Sentence Six, 42 U.S.C. § 405(g), a court may remand a case to the Social Security Administration for consideration of newly-discovered evidence. *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999). To establish that a Sentence Six remand is appropriate, a plaintiff must demonstrate that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility

---

[1] Plaintiff argues that the Appeals Council "found disability from the date after the ALJ decision in this case of September 7, 2001" as to the second application and that finding should serve as evidence of disability as to the first application. (Dkt. 13, p. 2). Despite Plaintiff's arguments, it is only the first application that is at issue in this case. The second application and the associated record are not before this Court.

that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (*citation omitted*); *see also Falge*, 150 F.3d at 1323.

Plaintiff objects to the R&R and argues that remand and reversal are required based on the existence of new evidence. (Dkt. 13, pp. 1-7). The new evidence submitted by Plaintiff to the Appeals Council included: (1) a Notice of Award from the Social Security Administration dated October 29, 2002, awarding benefits on Plaintiff's second application (R. 402-411); (2) a statement prepared by Dr. Michael Johnson, Associate Professor of Psychiatry at the University of Florida, dated June 23, 2002 (R. 412); (3) a discharge summary from Vista Hospital where Plaintiff was hospitalized from June 20-24, 2002 (R. 413-418); (4) treatment records from Meridian Health Services, a mental health facility, from February, 2001 (R. 419-423); and (5) a Mental Residual Functional Capacity Assessment prepared by Dr. Johnson on September 28, 2002 (R. 424-428). (Dkt. 12, p. 5; Dkt. 13, pp. 1-4).

The October, 2002 Notice of Award on Plaintiff's second application is not relevant in considering remand based on new evidence relating to this appeal. Plaintiff has not and cannot show that the Social Security Administration's determination of disability as to one application would change the result of another earlier application relating to a different time period. Plaintiff's argument to the contrary is without merit. The mere existence of the Notice of Award does not support remand in this instance.

The treatment records from Meridian Health Services from February, 2001 do not provide a basis for remand. Even assuming these records are material, Plaintiff has failed to argue or establish that good cause exists for her failure to submit the records to the ALJ before the September

6, 2001 decision. Accordingly, these records do not support a Sentence Six remand.[2]

Remand is appropriate, however, for consideration of the records from Plaintiff's treatment in June and September, 2002 and the opinions expressed therein. The records, including Dr. Johnson's statement dated June 23, 2002, Dr. Johnson's Mental Residual Functional Capacity Assessment dated September 28, 2002, and the discharge summary from Plaintiff's June 20-24, 2002 hospitalization, were submitted to the Appeals Council.[3] As noted by the Magistrate, these records are new and noncumulative as they were not included in the record before the ALJ and good cause exists for Plaintiff's failure to present the records because they were not in existence at the time of the administrative proceedings. (Dkt. 12, p. 6). Moreover, contrary to the Magistrate's finding, this Court finds that because the records contain medical evidence that directly relates to one of Plaintiff's alleged impairments, they are "highly relevant, probative, and must be considered before a rational determination of [her] disability status can be made." *Parks v. Harris*, 614 F.2d 83, 84-85 (5th Cir. 1980) (*citation omitted*).

In his statement dated June 23, 2002, Dr. Johnson notes: "[Plaintiff] has severe bipolar disorder based on history and symptoms evidenced," including "long periods of reduced need for sleep, hyperactivity, euphoria, irritability, excessive spending, thought racing, and distractability." (R. 412). Plaintiff "has also had severe depressive episodes that have resulted in incapacity and suicidal behavior." (R. 412). Dr. Johnson opines: "Her history suggests that this illness has been

---

[2] The Magistrate Judge did not address the February, 2001 treatment records in his R&R as Plaintiff did not provide any meaningful argument regarding those records in her Memorandum for the Magistrate's consideration (Dkt. 8, pp. 1-5).

[3] Although the Appeals Council acknowledged receipt of the Notice of Award as to Plaintiff's second application, it did not reference or discuss the June and September, 2002 treatment records. (R. 4). Therefore, this Court may conclude that meaningful consideration was not given to the new evidence. *See Vega v. Commissioner of Soc. Sec.*, 265 F.3d 1214, 1218-20 (11th Cir. 2001) (remand appropriate based on failure to consider evidence in the record).

present for most of her adult life and even during her childhood. For the past five years she has been entirely unable to effectively maintain employment due to her mental illness." (R. 412). The discharge summary and September, 2002 assessment contain evidence of similar symptoms, treatments, and opinions. (R. 413-417 and 424-428).

The medical records from June and September, 2002 are relevant and probative in that they pertain to a condition that Plaintiff listed in her application for disability benefits. *See Caulder*, 791 F.2d at 877; *see also Jackson v. Chater*, 99 F.3d 1086, 1090 (11th Cir. 1996) (Sentence Six remand appropriate where claimant had new, noncumulative evidence of deterioration of back condition and good cause existed for not submitting the evidence because it did not exist at time of hearing). Further, the medical records are material in that they contain opinions regarding the presence of an impairment during the time period for which benefits were sought. *See Caulder*, 791 F.2d at 877-78. The fact that Plaintiff's medical treatment by Dr. Johnson took place after the ALJ's decision "does not undermine the weight to be given to his diagnosis."[4] *Id.* at 878 (*citing Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) (remand for consideration of new treatment records appropriate "even though that relationship was not established until after the relevant period")). For these reasons, *the medical records establish, at a minimum, a reasonable possibility that the new*

---

[4] Dr. Johnson diagnosed Plaintiff with severe bipolar disorder. (R. 412). He opines that Plaintiff's condition "has been present for most of her adult life" and that "for the past five years she has been entirely unable to effectively maintain employment due to her mental illness." (R. 412). "[A] physician's statement that a claimant is disabled is not dispositive of the issue of disability; the statement, however, must be considered in the [Commissioner's] examination of the totality of the evidence." *Caulder*, 791 F.2d at 878. *But see Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) (physician's opinion one year after ALJ decision not probative to period of time of claimed disability but may be relevant to whether deterioration subsequently entitled claimant to benefits).

evidence would change the administrative result.[5]

The records from June and September, 2002 reveal a continuation of treatment for Plaintiff's mental illness, an apparent worsening or deterioration of her condition, and a diagnosis pre-dating the ALJ's decision. The ALJ must consider these records and afford them appropriate weight, along with the records and opinions of Plaintiff's other treating physicians.[6] Accordingly, remand is appropriate for consideration of new evidence.[7]

---

[5] In *Caulder v. Bowen*, 791 F.2d 872 (11th Cir. 1986), the Eleventh Circuit explained its reasoning in reaching a similar result:

> The [new] evidence is relevant and probative in that it pertains to a condition that Caulder listed in his applications at the administrative level as a source of his disability. The evidence also contains a medical opinion on the presence of the impairment during the time period for which benefits are sought. The fact that Dr. Craddock's treatment and examination of Caulder took place later in the proceedings does not undermine the weight to be given his diagnosis. ... We find that there is a reasonable possibility that the new evidence would change the administrative outcome because it consists of medical evidence that relates directly to one of Caulder's principal alleged impairments, about which there was inadequate evidence presented to the ALJ.

*Id.* at 877-78.

[6] The ALJ appropriately considered the treatment records and opinions expressed by Drs. Alice Wei Lee, Jesse A. Lipnick, and Adres Nazario. (R. 17-24). After considering records and opinions from these and other physicians, the ALJ determined that Plaintiff's mental impairments were "severe within the meaning of the Regulations, but not severe enough to meet or medically equal" a listing for disability (R. 23-24).

[7] Plaintiff argues that Dr. Johnson's opinions must be accepted as true pursuant to *MacGregor v. Bowen*, 786 F.2d 1050, 1058 (sic) (11th Cir. 1986). (Dkt. 13, p. 7). Although Plaintiff correctly cites the legal authority, her reliance on *MacGregor* is misplaced. "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary. The [ALJ] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error. ... Where the [ALJ] has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." *Id.* at 1053. In this case, *MacGregor* is inapplicable because the ALJ did not consider Dr. Johnson's records or opinions as they were not before him or in existence at the time.

Plaintiff also argues that this Court should immediately award Plaintiff benefits "due to the injustice present in this case" pursuant to *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991) (Dkt. 13, p. 7). However, as the record in this case is not fully developed, Plaintiff's reliance on *Carnes* is misplaced and an immediate award of benefits is not appropriate. *See id.* (immediate award of benefits appropriate where record is fully developed and there is no need to remand for additional evidence).

As this case will be remanded, it is unnecessary to address Plaintiff's remaining objections at length. However, the Court notes that Plaintiff's objections to the R&R largely consist of the same arguments made in her memorandum of law in support of her request to reverse and remand the ALJ's decision (Dkt. 8). Further, many of the objections are based on her disagreement with the R&R, with no assertions of error by the Magistrate. Plaintiff's repetitive, and at times incomprehensible, arguments and disagreements do not assist the Court and do not establish a basis for remand. Notwithstanding, the Court notes that the Magistrate Judge correctly found that the ALJ utilized the appropriate legal standards, made sufficient findings based on the evidence presented, and gave appropriate weight to the opinions of Plaintiff's treating physicians.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1)  The Report and Recommendation of the Magistrate Judge (Dkt. 12) is **REJECTED**.

2)  This case is **REMANDED** to the Commissioner for further proceedings consistent with this Order pursuant to Sentence Six, 42 U.S.C. § 405(g).

3)  This Court reserves jurisdiction throughout the remand proceedings pursuant to Sentence Six, 42 U.S.C. § 405(g) and *Jackson v. Chater*, 99 F.3d 1086, 1096-97 (11th Cir. 1996).

4)  All pending motions are **DENIED** as moot.

5)  The Clerk is directed to administratively close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 30th day of June, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record